**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

CALVIN D. JONES, JR.            )
Reg #19493-076                )
     Petitioner,             )     **Case No. 2:14-CV-00120 DPM-JTK**
                            )
v.                         )
                            )
C. V. RIVERA, Warden,      )
FCC – Forrest City           )
     Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

     The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

     2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Calvin D. Jones, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2).

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI Forrest City-Medium).  On February 17, 2004, Petitioner was indicted on three counts of possession with intent to distribute Dilaudid.  He was arrested three days later on February 20, 2004, and he remained in custody through his guilty plea for count two of the indictment on December 2, 2004.  On April 25, 2005, Petitioner received a 151-month sentence.

The Bureau of Prisons (BOP) calculated Petitioner's sentence as beginning on April 25, 2005, (the date he was sentenced) and credited him with an additional 430 days so that his sentence effectively began on February 20, 2004, (the date of his arrest).

His current petition argues that he was given an "arbitrary" starting date by the BOP and that his sentence has been improperly computed under BOP Program Statement (PS) 5100.08. Petitioner argues that PS 5100.08 mandates that prisoners only serve 85% of their federal

sentences (minus any applicable good time credits).   The Court has reviewed Petitioner's numerous filings and motions and finds that they lack any merit.   First, it is apparent that the BOP correctly calculated the start date of Petitioner's sentence, and he does not sufficiently explain why he believes it was arbitrary.   Second, Petitioner's reliance on PS 5100.08 is misplaced.   As noted by Respondent, PS 5880.28 governs the calculation of sentences, not PS 5100.08.

The stated purpose of PS 5100.08 is to provide "policy and procedure regarding the Bureau of Prisons inmate classification system." *Id.* p. 1. The classification system "is necessary to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society." *Id.* The portion of PS 5100.08 that provides the 85% calculation used by Petitioner clearly indicates that it does not concern the calculation of sentences.   It states that "[t]his item . . . impacts the Sentence Length Public Safety Factor." *Id.* Ch. 4, p. 6. "The application of a [Public Safety Factor] overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior." *Id.* Ch. 2, p. 4. Thus, Petitioner's arguments have no basis in law because PS 5100.08 is irrelevant to the calculation of his sentence.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice.   The relief prayed for is DENIED.   All pending motions are also DENIED.

SO ORDERED this 14th day of January, 2015.

_____
United States Magistrate Judge